IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

F I L E D

MAR - 9 2009

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:08cv1207 (JCC/JFA) |
| | ) | |
| $25,000 in U.S. CURRENCY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PROPOSED FINDINGS OF FACT AND RECOMMENDATION

This matter is before the court on plaintiff United States of America's request for default

judgment pursuant to Fed. R. Civ. P. 55(b) and Local Admiralty Rule (c)(5) seeking an order of

forfeiture pursuant to 21 U.S.C. § 881(a)(6). (Docket no. 7). Pursuant to 28 U.S.C. §

636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings of

fact and recommendation.

### Procedural Background

On November 19, 2008, the United States of America filed a verified complaint alleging

that $25,000 in funds seized following a search of Fentrice Alexia Dobbs ("Ms. Dobbs") at

Washington Reagan National Airport in Arlington, Virginia on August 20, 2008 were furnished

or intended to be furnished in exchange for a controlled substance or are traceable to such

exchange. (Docket no. 1). On November 19, 2008 written notice of civil forfeiture against the

defendant currency along with a copy of the verified complaint were sent by certified United

States mail to Ms. Dobbs at her residence in Troy, New York pursuant to Rule G(4)(b)(i) of the

Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal

Rules of Civil Procedure ("Supplemental Rule G"). (Taylor Affid. ¶ 5, Docket no. 5-2). A return receipt shows delivery of the notice and complaint was accepted by an individual signing as Fentrice Dobbs on November 28, 2008. (Taylor Affid. ¶ 5, Docket no. 5-2).

A warrant for arrest *in rem* was issued on November 19, 2008. (Docket no. 2). The executed warrant for arrest *in rem* was filed with the court on December 8, 2008. (Docket no. 3). Beginning on December 4, 2008 and continuing through January 2, 2009 (thirty days), in accordance with Supplemental Rule G(4)(a)(iv)(C), notice of this civil forfeiture action was posted on an official internet government forfeiture site and a declaration of that publication was filed with the court on January 5, 2009. (Docket no. 4). Any claimant to the defendant currency was required to file a claim no later than 35 days after written notice was sent or 60 days after the first day of publication on the official government internet site and was required to file an answer within 20 days after the filing of a claim. Supplemental Rule G(5)(a) & (b).

No claim to the defendant funds was made within 35 days after written notice was sent to Ms. Dobbs or 60 days after the notice was posted on the official internet government forfeiture site as required by Supplemental Rule G(5)(a)(ii), and no answer to the complaint or motion under Rule 12 has been filed by any claimant. Following the expiration of the time period for filing a claim, the United States of America filed a request for entry of default supported with an affidavit from Karen L. Taylor. (Docket no. 5). Pursuant to this request, the Clerk of Court entered a default on February 11, 2009. (Docket no. 6).

On February 27, 2009, the United States of America filed a motion for default judgment (Docket no. 7) and a notice setting the motion for a hearing on March 6, 2009 at 10:00 a.m. (Docket No. 8). On March 6, 2009, counsel for the United States of America appeared at the

hearing on the motion for default judgment before the undersigned magistrate judge, and no claimant appeared for the defendant.

## Factual Background

The following facts are established by the verified complaint. (Docket no. 1). During a routine pre-boarding screening of passengers at Washington Reagan National Airport on August 20, 2008, Transportation Security Administration personnel identified an unknown, bulky object secreted beneath the clothing of Ms. Dobbs. (Compl. ¶ 7). Ms. Dobbs consented to removing the secreted item for an x-ray examination which revealed five separate compartments, each containing opaque objects. (Compl. ¶ 8). Ms. Dobbs then consented to the search of the contents of the secreted item which was found to contain five bundles of U.S. currency. (Compl. ¶ 10). Ms. Dobbs gave inconsistent responses to questions concerning the amount of money she was carrying and the purpose of her trip. (Compl. ¶¶ 11, 12, 16). The defendant currency was taken into custody and on the following day it was subjected to a K9 examination during which a K9 trained to detect odors from narcotics aggressively alerted on the defendant currency. (Compl. ¶ 14). The defendant currency was transported to a financial institution where officials counted it and found $25,000 in U.S. currency. (Compl. ¶ 15). Ms. Dobbs told law enforcement officers that the defendant currency belonged to her and that it had been in her home. (Compl. ¶ 13). Ms. Dobbs is employed as a nurse's aide, making $500 a week ($26,000 a year), she lives in rent-subsidized housing and she has two children. (Compl. ¶ 13).

## Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." A defendant in default admits the factual allegations in the

3

complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence or investigate any other matter.

### Jurisdiction and Venue

The court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment. The United States of America is the plaintiff in this action and it brought this claim under 21 U.S.C. § 881(a)(6). Therefore, this court has subject matter jurisdiction under 28 U.S.C. §§ 1345 and 1355. Since the subject funds were seized at Washington Reagan National Airport located in Arlington, Virginia within the Eastern District of Virginia, the court has *in rem* jurisdiction over those funds. 28 U.S.C. § 1355(b). Venue is proper in this court pursuant to 28 U.S.C. § 1395(a) since the funds were seized in this district.

For these reasons, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that the court has *in rem* jurisdiction over the defendant funds and that venue is proper in this court.

### Grounds for Entry of Default

Notice of the complaint and a copy of the complaint were sent to Ms. Dobbs and a notice of the complaint was posted on an official internet government forfeiture site as required by Supplemental Rule G(4)(a) and (b). (Docket nos. 4, 5-2). Under Supplemental Rule G(5) any person asserting an interest in the defendant property was required to file a claim within 60 days

4

after the first day of publication on an official internet government forfeiture site or 35 days after written notice was sent. Accordingly, any claim would have been due no later than February 3, 2009.

After the time period for a person to assert an interest in the defendant property had expired, the United States of America requested an entry of default on February 11, 2009. (Docket no. 5). The Clerk of the Court entered a default on February 11, 2009. (Docket no. 6).

The undersigned magistrate judge recommends a finding that notice of this action was given properly, that no claim to the defendant property was asserted in a timely manner and that the Clerk of Court properly entered a default as to the defendant funds under Fed. R. Civ. P. 55(a) and Local Admiralty Rule (c)(4) and (5).

### Liability

Because no claim or answer was filed in this matter and the Clerk of Court properly entered a default, the factual allegations in the verified complaint are deemed admitted. *See* Fed. R. Civ. P. 8(b)(6). As set forth in the complaint, the defendant funds represent proceeds traceable to a violation of 21 U.S.C. § 841, *et seq.* (Compl. ¶ 17). Based on the established facts that the seized funds represent proceeds traceable to exchanges of controlled substances, the defendant funds are subject to condemnation and forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6).

For these reasons the undersigned magistrate judge recommends that a default judgment be entered in favor of the United States of America and that an order of forfeiture be entered declaring that the $25,000 in funds seized from Ms. Dobbs be forfeited to the United States of America pursuant to 18 U.S.C. § 881(a)(6) and that the Attorney General, or a designee, be

authorized to seize the forfeited funds and take full and exclusive custody and control of those funds once the order becomes final.

### Notice

By means of the court's electronic filing system the parties and the public are notified that objections to this proposed findings of fact and recommendations must be filed within ten (10) days of service of this proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

The Clerk is hereby directed to mail a copy of this proposed findings of fact and recommendations to Fentrice Alexia Dobbs at her residence in Troy, New York.

ENTERED this _7th_ day of March, 2009.

                    /s/

                    John F. Anderson
                    United States Magistrate Judge

Alexandria, Virginia